### No. 222.

### PIERRE VERGES *v.* JEAN BAPTISTE CIER.

1. Where a contract, complained of as in fraud of creditors, has some reality, the creditor complaining cannot ignore the same and seize the property, as though never alienated.
2. The only remedy of the creditor in such a case is the direct, revocatory action.
3. Where, however, the transfer or contract impeached is a mere simulation, creditors may ignore it, and levy at once upon the property sought to be affected.

*Appeal from the Civil District Court. Lazarus J.*

*Sambola & Ducros* for plaintiff, appellant.

*Branch K. Miller* and *A. L. Tucker* for defendant.

ROGERS, J.—In execution of a judgment against Jean Berthin, defendant seized certain movable property in the Parish of St. Bernard. The sale of that property was enjoined by plaintiff, claiming the property as his own. The injunction, issued from a court without jurisdiction, was disregarded by the sheriff, who, at the sale, adjudicated the property to defendant. The injunction suit, on appeal, was dismissed for want of jurisdiction. This suit is brought to recover the value of the property so adjudicated.

The answer charges that the title of plaintiff to said property is simulated; that it really belonged to Berthin, defendant's judgment debtor; that the title of plaintiff was a fraudulent simulation to defeat defendant's rights.

An assignment of errors has been filed in this Court, setting forth that Verges did not acquire the property, the subject of this suit, from Berthin, but from one Jean Marie Abadie; that Abadie is, therefore, from the nature of the defence, a necessary party to the suit; that not having been made a party to the suit by defendant, the defence cannot prevail.

The theory upon which plaintiff bases his assignment of errors on the part of the court below, results from the application of the law as to executed contracts, apparently valid and binding, although in fraud of creditors; but under no circumstances does it apply to acts which are mere simulations, acts without any legal existence, either as to form or facts. If the plaintiff had shown a real title to the property he claims, although obtained by fraud, the defendant's action would have been disapproved, for the law would have required him to first directly set aside the sale as in fraud of his rights and it would then have been necessary to have made all persons in interest parties. McAdam vs. Soria, 31 La. An. 864; Vauderie vs. Eherman & Lecanu, 26 La. An. 388.

We are satisfied that neither Abadie nor Verges ever owned the property seized and claimed in this suit. That what is

asserted here by the plaintiff as a sale, has no foundation in fact. and that the defendant was justified in proceding against it as the property of Jean Berthin, and disregarding the pretence of Verges, who in this case has not taken the trouble to verify under oath, even on the allegations of his petition, though the evidence of three uncontradicted witnesses declare that he pointed out the very property to the sheriff for seizure as the property of Berthin. King, Admr., vs. Atkins, 33 La. An. 1064.

Judgment affirmed.